(115 App. Div. 836)

## BARTLETT v. COOK.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

TROVER AND CONVERSION—PROPERTY SUBJECT—OWNERSHIP.

Where plaintiff furnished the money with which to purchase a nontransferable mileage book in the name of another, who used a portion of the mileage, paid plaintiff therefor, and surrendered the balance of the book to him, plaintiff was the owner of the book, so as to entitle him to recover for its conversion as against a person to whom he loaned the book for transportation, though neither plaintiff nor his bailee were entitled to use the book for transportation unless the carrier elected to waive the nontransferable condition therein.

Appeal from Steuben County Court.

Action by Wesley A. Bartlett against Raymond Cook. From a judgment in favor of defendant, reversing a justice's judgment in favor of plaintiff, he appeals. Reversed, and justice's judgment affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

James O. Sebring, for appellant.

Delmar M. Darrin, for respondent.

KRUSE, J. The appeal in this case was argued with the appeal in the case of Cook v. Bartlett, 100 N. Y. Supp. 1032, and we need only supplement the facts set forth in the opinion in that case by stating that, subsequent to the termination of the criminal prosecution by the plaintiff against the defendant, an action was begun in justice's court by the plaintiff against the defendant to recover the value of the mileage book, and the trial resulted in a verdict for the plaintiff against the defendant for the value thereof, $13.02, and judgment was entered by the justice upon the verdict for the sum of $13.02 damages and $5 costs.

An appeal was taken by the defendant from the judgment to the County Court of Steuben county, where the judgment was reversed upon the ground that the plaintiff was not the owner of the mileage book and acquired no title or interest therein, and therefore that the action was not maintainable. We have reached a different conclusion. We have fully set forth our views upon the question in the other case, and it is unnecessary to reiterate them. If we are right, it follows that the judgment of the County Court cannot be sustained.

The judgment of the County Court should be reversed, and that of the Justice's Court affirmed, with costs in this court and in the County Court. All concur.